UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARREN AQUINO as next friend to Joseph Urgitano,

                          Petitioner,

-against-

VCBC; NEW YORK STATE; THE JUDGE IN HIS OFFICIAL CAPACITY,

                          Respondents.

18-CV-10358 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Darren Aquino, representing that he is the Chief Executive Officer of "Advocates for Disabled Americans," brings this petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 on behalf of Joseph Urgitano, who is currently detained at the Vernon C. Bain Center (VCBC) on Rikers Island. The Court dismisses the petition without prejudice for the reasons set forth below.

### STANDARD OF REVIEW

    The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000).

    The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v.*

*United States*, 260 F.3d 78, 83 (2d Cir. 2001). A *pro se* litigant is nevertheless not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

According to public records of the New York State Department of Corrections and Community Supervision, in 2014, Joseph Urgitano was convicted of attempted assault in the second degree and sentenced to an indeterminate sentence. He was conditionally released to parole on June 17, 2016, before expiration of the maximum term. Records of the New York City Department of Correction reflect that Urgitano was arrested on July 27, 2018, and is currently detained at VCBC.

Darren Aquino brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254 on behalf of Urgitano, who has not signed the petition. Aquino states that Urgitano was convicted of felony charges in the New York Supreme Court, Bronx County, and is scheduled for sentencing on November 7, 2018, the same day that Aquino filed this action. Aquino states that Urgitano "has a lack of funds to appeal" and that "his counsel, Mr. Murray Richmond did not appeal." (Pet. at 5.) According to Aquino, Urgitano "is disabled and has a pulmonary disease which has been aggravated by his confinement at VCBC." (*Id.*) Aquino writes that Urgitano was a "valued member" of Aquino's organization, "Advocates for Disabled Americans." Aquino asks the Court to set aside Urgitano's conviction, allow an appeal, and order him released. (*Id.* at 15.)

## DISCUSSION

A petition for a writ of *habeas corpus* may be brought either "by the person for whose relief it is intended or by someone acting in his [or her] behalf." 28 U.S.C. § 2242. "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). When someone other than

the petitioner files a petition, the "next friend" must first demonstrate that he or she has standing to act on the person's behalf:

> First a 'next friend' must provide an adequate explanation--such as inaccessibility, mental incompetence, or other disability--why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf she seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest.

*Id.* at 163-64 (citations omitted). "The burden is on the 'next friend' to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

Here, even if the Court assumes that Aquino seeks to act in Urgitano's best interest and has a significant relationship with him, Aquino has not offered any explanation why Urgitano is incapable of asserting his own rights. Moreover, Aquino's petition indicates that Urgitano is represented by counsel in his criminal proceedings. Accordingly, because the application does not set forth an adequate reason for the necessity of resorting to the "next friend" device, Aquino lacks standing to bring this petition on behalf of Joseph Urgitano.[1]

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Joseph Urgitano at VCBC, and note service on the docket.[2] Darren Aquino's application to proceed as next friend in bringing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 on behalf of Joseph Urgitano is dismissed without prejudice for lack of standing.

---

[1] A § 2254 petition also appears to be premature because if Petitioner was convicted in November 2018, he cannot have exhausted his state court remedies by allowing the state court a complete round of review of his constitutional grounds for relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, (1999) (holding that state courts must be given the first opportunity to review constitutional challenge to petitioner's confinement).

[2] Darren Aquino has not listed any mailing address for himself.

Because the petition at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   November 16, 2018
         New York, New York

                                                            *Louis L. Stanton*
                                                            Louis L. Stanton
                                                             U.S.D.J.